## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

ANDREW PERRONG, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiff,

vs.                                                          Case No.

DYNATA, LLC

      Defendant.

## **CLASS ACTION COMPLAINT**

### **Preliminary Statement**

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Mr. Perrong alleges that Defendant Dynata, LLC sent him an autodialed calls without his prior express written consent.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Andrew Perrong resides in Pennsylvania.

6. Defendant Dynata, LLC is a limited liability company based in Connecticut, and resides in this District. Dynata's registered agent is Corporation Service Company, located at 100 Pearl St., 17th Floor in Hartford, CT 06103.

**Jurisdiction & Venue**

7. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the automated calls to the Plaintiff Perrong—occurred from this District.

**Statutory Background**

THE TCPA

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service or to a number that is charged per call. *See* 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

11. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

## Factual Allegations

12. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

13. Dynata is in the survey and marketing business.

14. Dynata makes survey cold calls on behalf of itself and its clients.

15. The calling that Dynata engages in includes the use of automated dialing equipment.

16. Mr. Perrong's number, 215-947-XXXX, is a telephone number for which he is charged per each call.

17. On July 2 and July 3, 2020, Mr. Perrong received three automated calls from Dynata.

18. The Plaintiff picked up the phone and there was dead air.

19. The Plaintiff said "hello" multiple times.

20. The Plaintiff then heard a person speaking mid-sentence.

21. The silence and then hearing a person on the other end, especially speaking mid-sentence, signifies the algorithm of a predictive dialer operating. The predictive dialer dials thousands of numbers at once, and only transfers the call to a live agent once a human being is on the line. Often, such live agents are confused, mis-time, or are otherwise unaware of when a call is connected.

22. On information and belief, the dialing system used by Dynata also has the capacity to store telephone numbers in a database and dial them automatically with no human intervention.

23. Loading a list of telephone numbers into the dialing system and pressing a single command does this.

24. Moreover, on information and belief, the dialing system can be programmed to re-dial numbers which have not answered Dynata's unsolicited calls until someone actually answers Dynata's questions. This necessarily requires adding the person's responses to a database associating their telephone number to their survey responses.

25. On information and belief, the dialing system can also produce numbers using a sequential number generator and dial them automatically.

26. The dialing system can do this by inputting a straightforward computer command.

27. Following that command, the dialing system will sequentially dial numbers.

28. First, it would dial a number such as (555) 000-0001, then (555) 000-0002, and so on.

29. The calls were made from Caller IDs which are designed to look like local calls originating from Plaintiff's area, but which ring back to an automated, pre-recorded message indicating that the call was placed by Dynata. The ability to do this requires sophisticated

automated systems to match an available outbound telephone number to a similar recipient number.

33. To learn the identity of the company calling him on July 3, 2020, Mr. Perrong provided his information to "Oliver Cruz".

31. Mr. Cruz confirmed the calls were made by Dynata, even though at the beginning of the call he identified himself as with "National Data".

32. Prior to initiating suit, Plaintiff reached out to Dynata to ascertain the type of telephone system that called him. Dynata's Chief Legal Officer confirmed that the system used to contact the Plaintiff was an ATDS.

33. Mr. Perrong and others who received these calls were temporarily deprived of legitimate use of their phones and their privacy was invaded.

## Class Action Allegations

34. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

35. The proposed class is tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose cellular telephone number or number charged for the call Defendant placed a call (2) within the four years prior to the filing of the Complaint (3) using dialing equipment and/or software identical or substantially similar to the dialing equipment and/or software used to place telephone calls to Plaintiff.

36. The Plaintiff is a member of the class.

37. Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

38. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

39. Based on the automated nature of calling campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

40. There are questions of law and fact common to Plaintiff and the proposed class, including:

>    a. Whether the Defendant used an ATDS to send the calls;
>
>    b. Whether the Defendant placed automated calls without obtaining the recipients' valid prior express written consent;
>
>    c. Whether the Defendant's TCPA violations were negligent, willful, or knowing; and
>
>    d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

41. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

42. Plaintiff is an adequate representative of the class because his interests do not conflict with the class's interest, he will fairly and adequately protect the class' interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

43. The Defendant's actions are applicable to the class and to Plaintiff.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class

members, which will be ascertainable from records and databases maintained by Defendant and others.

45. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions prohibiting autodialed calls to cell phones or numbers for which the called party is charged for the call

46. The Defendant violated the TCPA by initiating a call using an automatic telephone dialing system to Plaintiff's telephone number which is charged for the call.

47. The Defendant's violations were willful or knowing.

48. The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendant from using an autodialer, absent an emergency circumstance.

.

## Relief Sought

Plaintiff requests the following relief:

A. That the Court certify the proposed class;

B. That the Court appoint Plaintiff as class representative;

E. That the Court appoint the undersigned counsel as counsel for the class;

F. That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: July 23, 2020

         Plaintiff's Counsel,

        By: */s/ Anthony I. Paronich*
          Anthony Paronich
          PARONICH LAW, P.C.
          350 Lincoln Street, Suite 2400
          Hingham, MA 02043
          Telephone:  (617) 485-0018
          Facsimile:   (508) 318-8100
          Email: anthony@paronichlaw.com